IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Vicki H. Davis and Robin R.
Trawick,

          Plaintiffs,

v.                                                          Case No. 1:21-cv-2988-MLB

State Farm Fire and Casualty
Company, et al.,

          Defendants.

_____/

**OPINION & ORDER**

    Plaintiffs Vicki Davis and Robin Trawick filed suit against Defendants State Farm Fire and Casualty Company ("State Farm"), Don Allen, and the Georgia Office of Insurance and Safety Fire Commissioner ("OCI"). (Dkt. 12.) Defendants Allen and OCI move to dismiss. (Dkt. 17.) The Court grants that motion.

**I.    Background**

    On December 26, 2016, a fire destroyed Plaintiff Davis's residence and all her personal belongings. (Dkt. 12 ¶ 9.) Plaintiff Davis notified Defendant State Farm of the fire and made a claim pursuant to policy

she had with it. (*Id.* ¶ 10.) Defendant State Farm extended coverage and made a payment of $239,200.00 for loss of the residence but did not issue any payment for loss of her personal property. (*Id.* ¶ 12.)

On October 12, 2017, Defendant Allen, an investigator for OCI, submitted a warrant application to the Magistrate Court for Grady County, Georgia for Plaintiffs' arrests. (*Id.* ¶ 23.) The application stated Plaintiff Davis "collected insurance money for living expenses that were not legal. Made false statement to Insurance Company." (*Id.*) On October 13, 2017, Plaintiffs made their first appearance after being arrested and booked. (*Id.* ¶ 24.)

On January 30, 2018, Defendant State Farm told Plaintiff Davis there might be a question as to the policy coverage under "the Concealment of Fraud Condition" and alluded to the fact that a criminal case had been initiated against Plaintiffs by Defendant OCI. (*Id.* ¶ 13.) On June 1, 2018, the Grady County Magistrate Court dismissed the criminal warrants for lack of evidence. (*Id.* ¶ 25.)

Plaintiffs filed suit against Defendants Allen and OCI alleging three counts: (1) state law malicious prosecution; (2) federal § 1983 unreasonable seizure of person, and (3) federal § 1983 malicious

prosecution. (*Id.* ¶¶ 40–60.) Defendants Allen and OCI move to dismiss. (Dkt. 17.) Plaintiffs do not dispute OCI should be dismissed. (Dkt. 20 at 1.) The Court thus dismisses Defendant OCI.[1] Plaintiffs also agree their state law claim for malicious prosecution against Defendant Allen should be dismissed. (*Id.* at 2.) The Court thus dismisses that count.

## II.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Even so, a complaint offering mere "labels and conclusions" or a "formulaic recitation of the elements

---

[1] For the rest of the Order, the Court will refer to Defendant Allen as "Defendant."

of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) (finding that a court's "duty to accept the facts in the complaint as true does not require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This so-called "plausibility standard" is not a probability requirement. *Id*. But the plaintiff must allege enough facts so that it is reasonable to expect that discovery will lead to evidence supporting the claim. *Id*.

Even if a plaintiff will probably not recover, a complaint may still survive a motion to dismiss for failure to state a claim, and a court reviewing such a motion should bear in mind that it is testing the sufficiency of the complaint, not the merits of the case. *Twombly*, 550

4

U.S. at 556.; *see also AFL-CIO v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) ("[N]otice pleading does not require a plaintiff to specifically plead every element of his cause of action, [but] a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." (internal quotation marks omitted)).

A "district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005); *see also* Fed. R. Civ. P. 12(d).  But a court may consider exhibits attached to the complaint.  *See* Fed. R. Civ. P. 10(c).  And the exhibits a plaintiff attaches to its complaint govern when they contradict the allegations of the complaint.  *See Griffin Indus.*, 496 F.3d at 1206.

## III. Discussion

### A.  Eleventh Amendment Immunity

Defendant contends any claims against him in his official capacity are barred by the Eleventh Amendment and 42 U.S.C. § 1983.  (Dkt. 17-1 at 5–7.)  Plaintiff, however, represents Defendant "Allen is being sued in

5

his personal capacity."[2] (Dkt. 20 at 2, 9–10.) The Court will thus only address arguments related to Defendant being sued in his personal capacity.

### B.     Federal § 1983 Unreasonable Seizure

Plaintiffs assert an independent "Fourth Amendment Unreasonable Seizure of Person" claim. (Dkt. 12 ¶¶ 51–53.) Plaintiffs simply allege Defendant's conduct "in causing and facilitating the arrest and detention of Plaintiffs . . . without arguable probable cause constituted an unreasonable seizure of person in violation of the Fourth Amendment." (*Id.* ¶ 52.) Defendant, too, addresses this claim, but he appears to use the malicious prosecution standard. (Dkt. 17-1 at 8–11.) It is not entirely clear from the complaint whether Plaintiffs are trying to plead a freestanding false arrest claim, but, if they are, that claim fails as a matter of law. *See Tucker v. City of Florence, Ala.*, 765 F. Supp. 2d 1320, 1332–33 (N.D. Ala. 2011) ("[i]t is not entirely clear from the complaint that plaintiff ever pled a freestanding false arrest claim," but

---

[2] Defendant agrees the Eleventh Amendment, sovereign immunity, and Section 1983 do not protect him against suits in his personal capacity. (Dkt. 22 at 2.)

the court treated the plaintiff's claim "for malicious prosecution and any claim for false arrest" as "facets of the same claim").

"A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020). The issuance of a warrant—even an invalid one—"constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest." *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014); *see also Joyce v. Adams*, No. CV405-078, 2007 WL 2781196, at *4 (S.D. Ga. Sept. 20, 2007) ("Regardless of the validity of the warrant, plaintiff's allegations support a § 1983 malicious prosecution claim rather than a § 1983 false arrest claim.") Plaintiffs allege on October 12, 2017, Defendant submitted a warrant application to the Magistrate Court for Grady County, Georgia, alleging insurance fraud. (Dkt. 12 ¶ 23.) Plaintiffs were then arrested pursuant to a warrant. (*Id.* ¶ 42.) The Court thus dismisses Plaintiffs' "Fourth Amendment Unreasonable Seizure" claim. *See Rahmaan v. McQuilkin*, No. 1:19-cv-02962, 2021 WL 86842, at *4 (N.D. Ga. Jan. 11, 2021) ("Here, [the plaintiff] was arrested and detained under the

7

authority of a warrant; therefore, his § 1983 cause of action can only be based on malicious prosecution, which is a 'shorthand way of describing certain claims of unlawful seizure under the Fourth Amendment.'" (quoting *Aguirre*, 965 F.3d at 1157)).

### C.  Federal § 1983 Malicious Prosecution

Plaintiffs also bring a federal § 1983 malicious prosecution claim. (Dkt. 12 ¶¶ 54–60.) Plaintiffs claim Defendant caused a felony criminal prosecution to be initiated against them for the offense of insurance fraud and participated and assisted with the continuation of that prosecution for 231 days. (*Id.* ¶¶ 55–56.) They allege Defendant knew or should have known that there was no arguable probable cause to support the prosecution which was based on statements by an insurance company that were either knowingly false or made with reckless disregard for the truth. (*Id.* ¶¶ 57–58.)  Plaintiffs contend Defendant knew those statements were false or continued the prosecution of Plaintiffs with reckless disregard for the truth, and thus the "prosecution was carried out maliciously, without probable cause, and was ultimately terminated in Plaintiffs' favor." (*Id.* ¶¶ 58–59.) Plaintiffs include no other factual allegations in support of this assertion. Defendant argues there was

probable cause for Plaintiffs' arrest and Plaintiffs have failed to show Defendant was acting with malice. (Dkt. 17-1 at 11–12.) The Court agrees with Defendant that Plaintiffs fail to state a plausible § 1983 claim for malicious prosecution.

Malicious prosecution is "a violation of the Fourth Amendment and [a] viable constitutional tort under § 1983." *Blue v. Lopaz*, 901 F.3d 1352, 1357 (11th Cir. 2018). To maintain a claim of malicious prosecution, Plaintiffs must overcome two hurdles. First, they must prove they suffered a seizure pursuant to legal process that violated the Fourth Amendment. *See Aguirre*, 965 F.3d at 1157–59; *Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004), *abrogated on other grounds by Aguirre*, 965 F.3d 1147. This burden requires them to "establish (1) that the legal process justifying [their] seizure was constitutionally infirm and (2) that [their] seizure would not otherwise be justified without legal process." *Aguirre*, 965 F.3d at 1165. Second, Plaintiffs must satisfy "the elements of the common law tort of malicious prosecution." *Id.* at 1157 (quoting *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019)). To establish common-law malicious prosecution, a plaintiff must show: "(1) a criminal prosecution instituted or continued

by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Blue*, 901 F.3d at 1357.

Plaintiffs claim Defendant applied for a warrant based on information from an insurance company. (Dkt. 12 ¶ 23.) Plaintiffs allege a warrant was then issued, they were arrested, and later the charges were dismissed. (*Id.* ¶¶ 24–25, 42.) Plaintiffs assert Defendant violated their Fourth Amendment rights because his investigation and affidavit were constitutionally insufficient. They allege Defendant had no probable cause and made false and reckless statements in his arrest warrant application. (*Id.* ¶¶ 57–58.)

"[A] warrant violates the Fourth Amendment if the affidavit supporting [it] contains 'deliberate falsity or . . . reckless disregard' for the truth," which applies to both statements and omissions. *Elmore v. Fulton Cnty. Sch. Dist.*, 605 F. App'x 906, 910 (11th Cir. 2015) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Plaintiffs claim Defendant either knew the statements by the insurance company were false or he continued the prosecution with reckless disregard for the truth. (Dkt. 12 ¶ 58.) In *Franks*, the Supreme Court held that the Fourth

Amendment is violated where an officer knowingly and intentionally or with reckless disregard for the truth submits a false sworn statement to secure a warrant and the statement is necessary to the finding of probable cause. 438 U.S. at 155–56. The Eleventh Circuit has extended *Franks* to cases involving arrest warrants. *See Carter*, 557 F. App'x at 908; *Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994) (holding that in a §1983 action alleging malicious prosecution under the Fourth Amendment, *Franks* "prohibits an officer from making perjurious or recklessly false statements in support of a warrant").

Survival of such claim, however, "requires some evidence establishing [Defendant's] subjective belief about the veracity of the assertions made in his affidavit." *Carter*, 557 F. App'x at 910. A plaintiff's attack on an affidavit thus "must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons." *Franks*, 438 U.S. at 17; *see also*

11

*Johnson v. Darnell*, No. 1:17-cv-87, 2018 WL 3672759, at *5 (N.D. Fla. July 13, 2018) ("Although [plaintiff] alleges that the [defendant] fabricated evidence and statements, in the form of false sheriff reports, [plaintiff] does not identify what false information was put in the reports or why that information was false. Rather, [plaintiff] has presented nothing more than conclusory statements about false evidence, statements, and reports. Plaintiff, therefore, has failed to allege fact demonstrating that [defendants] intentionally or recklessly made false statements or omissions in procuring the arrest warrant and that the false statements were necessary to the finding of probable cause.").

Plaintiffs fail to do this. Beyond conclusory allegations, Plaintiffs include no factual allegations suggesting Defendant knew or should have known the insurance company's statement in support of the warrant was false. Plaintiffs allege Defendant submitted an application to the Magistrate Court, alleging Plaintiff Davis collected insurance money for living expenses "that were not legal." (Dkt. 12 ¶ 23.) They alleged that, in the application, Defendant said he had "engaged in discussions with an insurance company concerning false statements made by Plaintiffs." (*Id.* ¶ 41.) They claim the warrant led to their arrest. (*Id.* ¶¶ 41–42.)

12

They claim "[t]he affidavit and warrant made by Defendant Allen . . . was without probable cause [and] [i]t was done with malice and willful intent to harm Plaintiffs." (*Id.* ¶ 44.) Plaintiffs allege, after they were arrested, Defendant abandoned any investigation into the allegations of insurance fraud. (*Id.* ¶ 47.) Plaintiffs claim Defendant caused a felony criminal prosecution to be initiated against Plaintiffs and participated in and assisted with the continuation of that prosecution for 231 days. (*Id.* ¶¶ 55–56.) Plaintiffs allege Defendant knew or should have known there was no arguable probable cause to support the felony prosecution which was based on statements by an insurance company that were either knowingly false or made with reckless disregard for the truth. (*Id.* ¶¶ 57–58.) Plaintiffs claim Defendant "either knew those statements were false or continued the prosecution of Plaintiffs . . . with reckless disregard for the truth, which rose to the level of malice." (*Id.* ¶ 58.)

While including repeated, generic allegations of intentional misconduct, Plaintiffs do not point out specifically the portion of the warrant affidavit they claim was false or include any statement of supporting reasons as to why it was false or why Defendant new that. Plaintiffs' conclusory allegations are insufficient to demonstrate an

13

unconstitutional warrant since they fail to allege facts demonstrating that Defendant intentionally or recklessly made false statements or omissions in procuring the arrest warrant and that the false statements were necessary to the finding of probable cause. *See Iqbal*, 556 U.S. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see also McCollough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) ("Conclusory allegations are not entitled to the assumption of truth."); *Pitts v. Grant*, No. 1:20-CV-03021, 2021 WL 3169161, at *2 (N.D. Ga. July 26, 2021) (discarding conclusory allegations such as "[the defendant] acted with willful malice and intentionally and knowingly provided false information about [the plaintiff] to the prosecutor" (internal quotation marks omitted)).

The law also states that "an arresting officer is required to conduct a reasonable investigation to establish probable cause." *Rhodes v. Robbins*, No. 3:18-CV-673, 2019 WL 1160828, at *7 (N.D. Fla. Mar. 13, 2019) (quoting *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998)). In making an arrest affidavit or seeking an arrest warrant, "a police officer may not close her or his eyes to facts that would help clarify the

14

circumstances of an arrest. Reasonable avenues of investigation must be pursued especially when, . . . it is unclear whether a crime [has] even taken place." *Id.* But an officer need not "take 'every conceivable step . . . at whatever cost, to eliminate the possibility of convicting an innocent person.'" *Id.* (quoting *Williams v. City of Homestead, Fla.*, 206 F. App'x 886, 888 (11th Cir. 2006)). And not "every failure by an officer to discover 'easily discoverable facts' violates the Fourth Amendment." *Washington v. Rivera*, 939 F.3d 1239, 1248 (11th Cir. 2019) (quoting *Kingsland*, 382 F.3d at 1229)). *Kingsland* makes clear officers cannot conduct an investigation in a biased fashion, elect not to obtain easily discoverable facts, or choose to ignore information that has been offered to him. 382 F.3d at 1229.

Here, Plaintiffs claim State Farm provided Defendant a statement which was the basis of their prosecution. (Dkts. 12 ¶ 58; 20 at 15.) Plaintiffs contend Defendant was required to verify the information provided by State Farm and "did not undertake any reasonable avenues of investigation which would have exonerated Plaintiffs." (Dkt. 20 at 15–16.) They argue "[b]ecause Davis was staying with Trawick at all times relevant herein, any reasonable investigation would have uncovered this

15

fact." (*Id.* at 16.) But "officers may generally 'rely on a victim's statement to support probable cause' absent allegations indicating that their reliance was unreasonable." *Lawson v. City of Miami Beach*, 908 F. Supp. 2d 1285, 1290 (S.D. Fla. 2012) (quoting *Allen v. Gooden*, No. 11-61804-Civ, 2012 WL 2375330, at *2 (S.D. Fla. June 22, 2012)).

In response to Defendant's motion to dismiss, Plaintiffs contend State Farm's statement to Defendant "clearly needed to be substantiated given that State Farm had a vested economic interest in the disposition of Plaintiffs' potential criminal liability." (Dkt. 20 at 15.) First, this allegation is not in Plaintiffs' complaint or attachments. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) ("A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss."). Second, Plaintiffs provide no case law to support this proposition. And third, most victims have an interest in their assailant's potential criminal liability. The factual allegations in

the complaint fail to demonstrate a lack of probable cause.[3] And Plaintiffs' malicious prosecution claim must be dismissed.[4]

## IV. Conclusion

The Court **GRANTS** Defendants Don Allen and Georgia Office of Insurance and Safety Fire Commissioner's Motion to Dismiss. (Dkt. 17.)

**SO ORDERED** this 23rd day of December, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[3] The Court also notes, "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012).

[4] Because the Court finds Plaintiffs failed to show a lack of probable cause, the Court need not address Defendant's arguments about malice and qualified immunity.

17